# EXHIBIT A


ENDORSED
FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 27 2011

TERRY McNALLY, CLERK
BY_____ DEPUTY

William Dale Howard
Post Office Box 973
Ridgecrest, CA 93556
Telephone: (760) 793-8136

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF KERN – METROPOLITAN DIVISION (Unlimited)

| | |
|---|---|
| WILLIAM DALE HOWARD,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RIDGECREST, CALIFORNIA, a municipality; DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO. 1500 CV 275468 NFT<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF |

Plaintiff William Dale Howard (Plaintiff or Mr. Howard), alleges upon information and belief the following:

## NATURE OF THE CASE

1. Plaintiff brings this action against the City of Ridgecrest (Defendant or the City or Ridgecrest) to seek injunctive relief to enjoin the City from illegally trespassing upon real property owned by Plaintiff for the purpose of removing a fence on Plaintiff's property which has been in existence for at least 58 years, prior to any statute and for declaratory relief, seeking a determination from this Court as to the rights of the parties herein.

## PARTIES, JURISDICTION AND VENUE

2. At all times herein mentioned, Plaintiff is an individual residing in the City of Ridgecrest, County of Kern, State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendant is an incorporated municipality organized and existing in the County of Kern,

CASE # 1500 CV 275468

[1]
Complaint for Injunctive Relief and Declaratory Relief

1  State of California.

2  4.    Plaintiff is informed and believes and therein alleges that at all times herein
3  mentioned, Doe Defendants 1 through 20 were agents and servants of Ridgecrest at the time of the
4  subject incident and in such capacity were acting within the course and scope of such agency as
5  employees of Ridgecrest or independent contractors retained by Ridgecrest.

6  5.    Plaintiff is unaware of the true names and capacities of the Doe Defendants 1 through
7  20, who therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint
8  to allege their true names and capacities once ascertained.

9  6.    Jurisdiction and venue are proper in this Court: Plaintiff brings this action against a
10 municipality existing in the County of Kern, seeking injunctive relief and for a declaration from this
11 Court as to the controversy between Plaintiff and Defendant.

12                                    **FACTUAL ALLEGATIONS**

13                                    **Allegations Pertaining to All Defendants**

14 7.    **The incident:** The City

15 (i)    has imposed multiple fines and monetary penalties against Plaintiff as a result of a
16 lawful fence on property owned by Plaintiff;

17 (ii)   has attempted to pursue collection of the fines and penalties which continue to accrue;
18 and

19 (iii)  has, through its local Police Department sent a letter to Plaintiff dated November 28,
20 2011, warning Plaintiff that if he did not either

21        (a)   remove the existing six-foot fence and gate (**the fence or Plaintiff's fence**)
22 from within the front setback on his property located at 1104 S. Porter Avenue, Ridgecrest,
23 California (**Plaintiff's property**); or

24        (b)   replace the fence with a 3-foot fence in the front set back or remove and
25 replace the fence 25-feet back from the face of the curb of all street fronts,
26 that the City would trespass on Plaintiff's property, remove the fence and collect against Plaintiff the
27 cost of removal of the fence, plus bring an action against Plaintiff for the fines and monetary
28 penalties being accrued as a result of the fence remaining on Plaintiff's property. The City gave

*Case # 1500 CV 275468*

1. Plaintiff until December 19, 2011 to comply or the City would continue leveling fines and penalties against Petitioner, would trespass on Petitioner's private property and remove the fence, and thereafter would pursue collection from Petitioner for the cost of removal of the fence **(the Incident)**.

8. The City did not set a hearing for Plaintiff to have due process.

9. The fence on Plaintiff's property was erected in or about 1958 to provide privacy and security for Plaintiff's property, to secure a safe place for Plaintiff's minor children to play, and to secure and maintain lawful animals on Plaintiff's property.

10. The City alleged Plaintiff's fence violated Ridgecrest Municipal Code 20-3.23(b), an ordinance which became law in 1984, approximately 26 years after Plaintiff's fence was erected; therefore, Plaintiff's fence is grandfathered to the existing law which law was not retroactive.

### FIRST CLAIM FOR INJUNCTIVE RELIEF

11. At all times herein mentioned, Plaintiff seeks an order for relief enjoining Defendant from trespassing on Plaintiff's property for the purpose of removing Plaintiff's fence until such time as the dispute between the parties is resolved before this Court or any adminstrative hearing which may have jurisdiction over this matter.

12. At all times herein mentioned, Defendant has threatened and continues to threaten to trespass on Plaintiff's property for the purpose of removing Plaintiff's fence on the sole ground that it violates Ridgecrest Municipal Code 20-3.23(b) which was enacted into law in 1984, approximately 26 years later.

13. At all times herein mentioned, Plaintiff has demanded that Defendant refrain from committing the threat of trespassing on Plaintiff's property for the purpose of removing Plaintiff's fence until such time as the dispute may be resolved; however, Defendant has refused to do so, thus, the threat is imminent unless Defendant is immediately enjoined by this Court from doing so.

14. As a result of Defendant's acts and threats of acts, Plaintiff has sustained and will sustain great and irreparable injury in that his fence would be removed thereby exposing his personal property and his animals from imminent threat and harm and loss of privacy which the existing fence provides.

*CASE # 1500 cv 275468*

[3]
Complaint for Injunctive Relief and Declaratory Relief

1   15.   Plaintiff cannot be fully compensated in damages, is without an adequate remedy at law because the exact amount of damage Plaintiff will sustain will be difficult to determine, if this injunctive relief is not granted.

### SECOND CLAIM FOR DECLARATORY RELIEF

16.   At all times herein mentioned, there is an actual bona fide dispute between Plaintiff and Defendant as to whether Plaintiff's 1958-circa fence is exempt from the 1984 Municipal Code, whether Plaintiff's fence is lawful and whether Defendant should be enjoined from trespassing on Plaintiff's property for the purpose of removing Plaintiff's fence.

17.   At all times herein mentioned, there remains a controversy between Plaintiff and Defendant and is justiciable as the dispute between Plaintiff and Defendant presents questions of Plaintiff's 1958-circa fence being exempt from the 1984 Municipal Code, Plaintiff's fence being lawful and Defendant being enjoined from trespassing on Plaintiff's property for the purpose of removing Plaintiff's fence. Plaintiff therefore seeks a judicial declaration of the rights of the parties herein.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants as follows:

As to Plaintiff's claim for injunctive relief:

A.   Temporary restraining order enjoining Defendant, its agents, employees, officers, attorneys, and representatives from engaging in or performing any of the following acts: from trespassing onto Plaintiff's property, from removing, altering or tearing down Plaintiff's fence and from imposing fines and penalties for failure to remove the fence.

B.   For attorney fees if applicable pursuant to statute.

C.   For cost of suit herein.

D.   For other relief as this Court may deem just and proper under the circumstances.

As to Plaintiff's claim for declaratory relief:

E.   For attorney fees if applicable pursuant to statute.

F.   For a judicial declaration of the rights of the parties herein.

G.   For cost of suit herein.

H.   For other relief as this Court may deem just and proper under the circumstances.

1 | DATED: December 21, 2011          *Respectfully submitted,*

By: _____
       William Dale Howard

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>WILLIAM DALE HOWARD<br>POST OFFICE BOX 973<br>RIDGECREST CALIFORNIA 93556<br>TELEPHONE NO.: 760-793-8136   FAX NO.:<br>ATTORNEY FOR *(Name):* IN PRO PER | FOR COURT USE ONLY<br>**ENDORSED**<br>FILED<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>COUNTY OF KERN<br>DEC 27 2011<br>TERRY McNALLY, CLERK<br>BY_____ DEPUTY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN<br>STREET ADDRESS: 1415 TRUXTUN AVE<br>MAILING ADDRESS: SAME<br>CITY AND ZIP CODE: BAKERSFIELD CALIFORNIA 93301<br>BRANCH NAME: METRO DIVISION | |
| CASE NAME:<br>HOWARD VS. CITY OF RIDGECREST | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited  [✓] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | S-1500-CV-275 468 NFT<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[✓] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[ ] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/21/2011
WILLIAM DALE HOWARD
(TYPE OR PRINT NAME)                                      ▶ /s/ William Dale Howard
                                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov