IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALE HOWARD,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF RIDGECREST<br><br>Defendants. | Case No. 1:12-cv-01232 AWI JLT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**<br><br>(Doc. 8). |

Defendant City of Ridgecrest ("Defendant") seeks to have the Clerk's entry of default set aside by the Court. (Docs. 7-8). Plaintiff William Dale Howard ("Plaintiff") filed an opposition to the motion on September 26, 2012 (Doc. 9), to which Defendant replied on October 4, 2012. (Doc. 10). The Court heard oral argument regarding the motion on October 11, 2012. For the following reasons, the Defendant's motion to set aside entry of default is **GRANTED.**

**I. Procedural History**

On December 27, 2011, Plaintiff filed a complaint for injunctive and declaratory relief against the City of Ridgecrest in the Kern County Superior Court. (Doc. 1-1 at 2). Plaintiff then filed a First Amended Complaint ("FAC") for Injunctive and Declaratory Relief on June 27, 2012 in the same court. (Doc. 1-2). Plaintiff's FAC seeks an injunction preventing Defendant from forcing Plaintiff to tear down his fence and asks the Court to determine that Defendant's actions violate Plaintiff's right to Equal Protection under the California and United States Constitutions.

1

(Doc. 1-2 at 4). Defendant was served with the FAC on June 25, 2012. (Doc. 1-2 at 6).

On July 26, 2012, Defendant removed the matter to federal court. (Doc. 1). Defendant thereafter failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. (See Fed. R. Civ. P. 81(c)).

Pursuant to Fed.R.Civ.P. 55(a), default was entered against the City of Ridgecrest on August 23, 2012. (Doc. 7). On September 7, 2012, Defendant moved to set aside the entry of default. (Doc. 7).

**II. Legal Standards**

The Federal Rules of Civil Procedure govern the entry of default. Once default has been entered by the clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." O'Connor v. State of Nev. (9th Cir. 1994) 27 F.3d 357, 364.)

In evaluating whether good cause exists, the court may consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also* TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). The standard for good cause "is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id.

On the other hand, when the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986), quoting Schwab v. Bullocks Inc., 509 F.2d 353, 355 (9th Cir. 1974). Moreover, the Ninth Circuit has opined "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).

### III. Discussion and Analysis

#### A. Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Group, 244 F.3d at 697, quoting Alan Newman Prods. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (emphasis in original). In addition, actions may be culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698.

Defendant asserts that its failure to respond to Plaintiff's complaint was "excusable" and therefore should not be considered "culpable conduct."[1] (Doc. 8 at 4). Based upon the declaration of Defendant's counsel, Michael Silander, Defendant's counsel was preparing for trial and mistakenly failed to ensure that his staff correctly calendared the deadline to respond. (Doc. 8 at 9).

Plaintiff asserts Defendant had "actual notice" of the filing of the action, as it was Defendant who removed the matter to federal court. (Doc. 9 at 2). Plaintiff relies on Savarese v. Edrick Transfer & Storage, Inc. (9th Cir. 1975) 513 F.2d 140, to support his argument that Defendant's failure to understand the filing deadlines in federal court and timely file its response, led to the entry of default. Plaintiff, therefore, asserts Defendant's inaction constitutes "culpable conduct." (Doc. 9 at 2).

In Savarese, defendants claimed that confusion between defense counsel located in two different states resulted in a failure to file an answer. 513 F.2d at 146. The Savarese Court noted that "if only the above facts were reflected in the record we might be tempted to rule that the district judge acted too harshly in this case." However, the court affirmed the trial court's decision to deny defendant's motion to set aside the entry of default because defendant's arguments made clear that the real reason for the defendant's failure to respond was a lack of

---

[1] Both Plaintiff and Defendant argue the issue of "excusable neglect" under Fed. Civ. P. Rule 60(b)(1). This Rule 60(b) standard is to be liberally applied to a motion for relief from entry of default and the Court is accorded great discretion in deciding such cases. (See Hawaii Carpenters' Trust Funds v. Stone (9th Cir. 1986) 794 F.2d 508, 513; see also, O'Connor, 27 F.3d at 364.)

understanding of the removal process. Savarese, 513 F.2d at 146-147 (citing defendant's argument that the removal statute did not specify a need to answer after removal).

Notably, in Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir.2000), the Ninth Circuit Court of Appeals adopted a forgiving approach to excusable neglect, accepting even "weak" reasons if they reveal mere "negligence and carelessness, not...deviousness or willfulness." Likewise, this Court found "an internal calendaring error" to be excusable neglect when counsel failed to timely file an amended pleading in Weco Supply Co. v. Sherwin-Williams Co., 2010 WL 4829332 (E.D. Cal. Nov. 22, 2010). Again in Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1262 (9th Cir. 2010), the Court held, "while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect."

Here, it does not appear that Defendant intentionally failed to respond because it misunderstood the federal rules. Rather, Defendant asserts its failure to file a timely response was due to a calendaring error. There are no facts to show that Defendant was not aware of the federal filing requirements or that it failed to answer with "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *See* TCI Group, 224 F.3d at 697. Consequently, Defendant's inaction does not rise to the level of culpable conduct and is deemed excusable neglect.

**B. Meritorious Defense**

In seeking to vacate a default judgment, a defendant "must present specific facts that would constitute a defense." TCI Group, 244 F.3d at 700. However, the burden "is not extraordinarily heavy." Id. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . ." Mesle, 615 F.3d at 1094 (citing TCI Group, 244 F.3d at 700). A defense does not have to be proven by a preponderance of the evidence, but the moving party must establish "a factual or legal basis for the tendered defense." Tri-Con't Leasing Corp., Inc. v. Zimmerman, 485 F.Supp. 496, 497 (N.D. Cal. 1980).

Defendant asserts it has a meritorious defense against the injunction based upon statutes under the California Code of Civil Procedure. (Doc. 8 at 5-6). Defendant claims Plaintiff is not

entitled to injunctive relief because the injunction Plaintiff seeks (namely, to prevent Defendant from forcing Plaintiff to take down his fence) prohibits the execution of its municipal code and California law for public benefit. (Doc. 8 at 6-7 (citing C.C.P. § 526(b)(4)). Defendants have further alleged that Plaintiff's fence is being used to conceal hazardous public nuisances on his property. (Doc. 8 at 6).

Additionally, Defendant asserts that Plaintiff cannot state a violation of Equal Protection because he has not identified that he is a member of a protected class nor has he identified how the class in which he is a member was treated differently under the law from another described class. (Doc. 8 at 6-7). Plaintiff's opposing does not address this issue but counsel clarified at the hearing that Plaintiff seeks to demonstrate he is a class of one.

In any event, Defendant has presented facts to show that it is a municipality whose police department is seeking to enforce a municipal code against Plaintiff and that there is an on-going misdemeanor code violation case in the Kern County Superior Court for which Plaintiff was arraigned on January 9, 2012. (Doc. 8 at 6). While Defendant has not identified what the municipal code provides, Defendant's burden on this issue is not extraordinarily heavy. TCI Group, 244 F.3d at 700. As a result, Defendant has presented sufficient facts that "would constitute a defense." *See* TCI Group, 244 F.3d at 700.

### C. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group, 244 F.3d at 701. The relevant inquiry is "whether [the plaintiff's] ability to pursue is claim will be hindered. Falk, 739 F.2d at 463. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" for the setting aside of default to be prejudicial to the plaintiff. TCI Group, 244 F.3d at 701 (citing Thomspon v. American Home Assur., 95 F.3d 429, 433-34 (6th Cir. 1996)).

Plaintiff does not allege that it would be prejudiced in any way if the default was set aside. Though Plaintiff's counsel reported that the events giving rise to this litigation have been ongoing for some time, counsel admitted that this case is in its infancy and, as such, there is little prejudice

5

here in Plaintiff's ability to pursue the claim caused by setting aside the default. Therefore, the Court concludes Plaintiff would not be prejudiced if the entry of default is set aside.

### IV. Conclusion

Defendant has shown good cause for the entry of default to be set aside. Defendant's calendaring error does not rise to the level of culpable conduct. Additionally, it has presented sufficient facts to demonstrate a meritorious defense, and there is no evidence that Plaintiff will be prejudiced by setting aside the default. Therefore, the Court finds it is within its discretion to set aside the entry of default. *See* Mendoza, 783 F.2d at 945-46 (9th Cir. 1986).

### ORDER

Based upon the foregoing, the Court **ORDERS**:

1. Defendant's Motion to Set Aside the Dismissal is **GRANTED**;
2. Defendant SHALL file a responsive pleading in this case no later than **October 12, 2012**.

IT IS SO ORDERED.

Dated:   **October 11, 2012**                           /s/ Jennifer L. Thurston
                                                        UNITED STATES MAGISTRATE JUDGE