UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALE HOWARD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF RIDGECREST,<br><br>　　　　Defendant. | Case No.: 1:12-cv-01232 - AWI - JLT<br><br>ORDER GRANTING DEFENDANTS MOTION TO COMPEL PRODUCTION OF RESPONSES AND DOCUMENTS AND FOR SANCTIONS<br><br>(Doc. 36) |

　　　　The City of Ridgecrest ("City" or "Defendant") seeks to compel William Dale Howard ("Plaintiff") to produce all responses and documents responsive to the City's Special Interrogatories- Set One and Requests for Production of Documents- Set One. (Doc. 36.) Plaintiff did not oppose the motion. For the reasons set forth below, Defendant's motion to compel discovery is **GRANTED**.

**I.　　Factual and Procedural History**

　　　　Plaintiff initiated this action by filing a complaint against the City in Kern County Superior Court on December 27, 2011. He filed an amended complaint, alleging "the City has denied Plaintiff equal protection under both the California and United States Constitutions." Defendant filed a Notice of Removal, thereby initiating the action in this Court, on July 26, 2012. (Doc. 1.) The City filed its answer to the First Amended Complaint on October 12, 2012. (Doc. 13.)

　　　　The Court held a scheduling conference on May 2, 2013, at which Plaintiff appeared in pro per. The Court set a non-expert discovery deadline for November 25, 2013. (Doc. 30 at 3.) On

September 9, 2013, the Court held a mid-discovery status conference at which the parties were reminded to complete discovery within the deadlines imposed by the case schedule. (Doc. 34.) Defendant filed the motion now pending before the Court on November 19, 2013, asserting Plaintiff had failed to comply with the City's discovery requests. (Doc. 36.)

**II.     Scope of Discovery and Requests**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Fed. R. Civ. P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things…For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A.     Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

Any grounds of an objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4); *see also Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94, 109 (W.D. N.Y. 2000) (objection that interrogatories were "burdensome" overruled for failure to "particularize" the

basis for objection); *Mitchell v. AMTRAK*, 208 F.R.D. 455, 458 at n.4 (D.D.C. 2002) (objections must explain how an interrogatory is overbroad or unduly burdensome).

### B. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192. F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 U.S. Dist. LEXIS 90283, 2009 WL 3303718 (E.D. Cal. September 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D.Mass. 2000) (A "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."

*Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

### III.  Discussion and Analysis

Under the Federal Rules, "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33; or . . . a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B). Here, Defendant asserts Plaintiff has failed to respond to the document requests made pursuant to Rule 24 and interrogatories pursuant to Rule 33. Thus, Defendant asserts a Court's order is necessary to compel the responses.

Defendant reports the City propounded its Special Interrogatories and Request for Production of Documents on September 6, 2013. (Doc. 36 at 3.) Accordingly, the responses to the discovery requests were due on October 11, 2013. (*Id.*) However, Plaintiff failed to respond to the document requests or interrogatories. Between October 15 and November 1, Defendant wrote three letters to Plaintiff requesting to meet and confer regarding the discovery, but Plaintiff failed to respond to the requests. (*Id.* at 3-4.)

Given Plaintiff's complete failure to respond to the discovery requests, Defendant's motion to compel production of documents and answers to interrogatories is **GRANTED**.

### IV.  Award of Attorney Fees

Defendant requests an award of attorney fees against Plaintiff for the expenses in connection with the motion. (Doc. 36 at 6.) A party propounding discovery is entitled to an award of attorney fees incurred as a result of the opposing party's failure to cooperate in discovery. When a motion to compel discovery is granted, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, a court must not order payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court

4

action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust." *Id.*

Here, there is considerable evidence that Defendant attempted to obtain the requested discovery without Court action. Michael Silander, Defendant's counsel, sent Plaintiff a letter after the deadline had passed, and requested Plaintiff respond to the discovery requests "[t]o avoid forcing [the] office to draft and file a motion to compel responses and production of documents." (Doc. 36-1 at 9.) Therefore, Plaintiff was warned his failure to respond would result in the filing of a motion. There is no evidence that Plaintiff's failure to respond was substantially justified, or any other circumstances make an award of expenses unjust.

### V.     Conclusion and Order

Plaintiff has failed to respond to Defendant's requests for production of documents and interrogatories, though the original request was made approximately three months ago, and Defendant attempted to solve the discovery dispute without the assistance of the Court. This motion was necessitated by Plaintiff's conduct unwillingness to provide responses. Therefore, Plaintiff shall pay the reasonable expenses incurred in making the motion.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion to compel production of documents and responses to interrogatories is **GRANTED**;
2. Defendant's motion for attorney fees in the amount of $800.00 is **GRANTED**; and
3. Plaintiff **SHALL** produce documents responsive to Defendant's Request for Production- Set one and answers to Defendant's Special Interrogatories- Set One within fourteen days of the date of service of this Order; and
4. Failure to comply with this Order may result in sanctions pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **December 10, 2013**          **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE