**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM DALE HOWARD,**<br><br>**Plaintiff**<br>**v.**<br><br>**CITY OF RIDGECREST, a California MUNICIPALITY, and does 1 through 20, inclusive,**<br><br>**Defendant.** | **CASE NO. 1:12-CV-1232 AWI JLT**<br><br>**ORDER GRANTING MOTION FOR JUDGEMENT ON THE PLEADINGS**<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT PREJUDICE**<br><br>**ORDER DIRECTING THE CLERK OF THE COURT TO CLOSE THIS ACTION**<br><br>**(Document #35)** |

**BACKGROUND**

Plaintiff William Dale Howard filed a complaint for injunctive and declaratory relief in the Superior Court of the State of California for the County of Kern. The action concerns a six foot high fence on Plaintiff's real property located at 1104 S. Porter Avenue in Ridgecrest, California and sea vans placed on Plaintiff's real property located at 1117 S. Mayo Street in Ridgecrest, California.

On June 27, 2012, Plaintiff filed an amended complaint. The amended complaint seeks an injunction preventing Defendants from going onto Plaintiff's property, pursuant to the Ridgecrest Municipal Code, to remove either Plaintiff's fence or Plaintiff's sea vans because Defendant has denied Plaintiff Equal Protection under the California and United States Constitution. The amended complaint contends that Defendant has treated Plaintiff differently from the public when

enforcing the Ridgecrest Municipal Code and the different treatment is without any rational basis. The amended complaint also requests declaratory relief, finding that Defendant's actions relating to Plaintiff's properties are a violation of Plaintiff's right to Equal Protection.

On July 26, 2012, Defendant removed this action to federal court because the amended complaint is based on allegations that Defendant violated the Equal Protection Clause of the United States Constitution.

On October 21, 2013, Defendant filed a motion for judgment on the pleadings. Defendant contends that it is entitled to judgment on the pleadings because the amended complaint does not sufficiently allege whom Defendant treated more favorably than Plaintiff when enforcing the Ridgecrest Municipal Code.

Plaintiff did not file an opposition to Defendant's motion or any other document since Defendant filed this motion.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006).

**DISCUSSION**

Preliminarily, the Court notes that the amended complaint does not state the legal basis of Plaintiff's claims. Plaintiff appears to be alleging a violation of the Equal Protection Clause. The Civil Rights Act, 42 U.S.C. § 1983, provides a cause of action against any person who, under

color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. To state a claim under Section 1983, the complaint must plead "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007) (internal citation omitted), *vacated on other grounds by* 129 S.Ct. 2431 (2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Because it appears Plaintiff is attempting to bring a claim under the Equal Protection Clause, the Court will presume this action was meant to be filed pursuant to 42 U.S.C. § 1983.

The amended complaint contends that Defendant "has intentionally treated Plaintiff unequally from the general public in its efforts to enforce the Ridgecrest Municipal Code, and this disparate treatment is without a rational basis." The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). The Equal Protection Clause is intended to protect every person within a state's jurisdiction "against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (citations omitted). An equal protection claim may be established in two ways. First, a plaintiff may establish an equal protection claim by showing that a defendant has intentionally discriminated based on the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Second, if the state action in question does not involve a protected classification, a plaintiff can establish an equal protection claim by showing that similarly situated individuals are intentionally being treated differently without any rational relationship to a legitimate state purpose. See Village of Willowbrook, 528 U.S. at 564; Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004).

In this action, the amended complaint fails to provide any specific allegations concerning the similarly situated individuals that Defendant alleges have been treated differently. The amended complaint's broad allegation that Plaintiff was treated "unequally from the general

public" is not enough. Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). In this action, the amended complaint contains nothing more than one sentence asserting a conclusion. "[A] formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. As such, the Court finds the amended complaint fails to state a cause of action for a violation of the Equal Protection Clause.

While Defendant's motion could have been brought as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it is also an appropriate motion based on Rule 12(c). Courts have discretion to grant a motion for judgment on the pleadings with leave to amend or dismiss the action instead of entering of judgment. Lonberg v. City of Riverside, 300 F.Supp.2d 942, 945 (C.D.Cal. 2004); see also Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979), *disapproved on another ground in* Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985); Lawton v. Cavalry Investments LLC, 2013 WL 3929707, at *1 (C.D. Cal. 2013); Kennedy v. Kings Mosquito Abatement Dist., 2013 WL 1129202, at *3 (E.D. Cal. 2013); Carmen v. San Fransisco Unified School Dist., 982 F.Supp. 1396, 1401 (N.D. Cal. 1997). Plaintiff did not oppose Defendant's motion and has not asked for leave to amend the complaint. As such, leave to amend this action's current complaint will not be granted. However, the Court finds that it may be possible for Plaintiff to cure the amended complaint's deficiencies. Thus, the Court declines to enter a final judgment in favor of Defendant at this time. Instead, the Court will dismiss this action without prejudice.

//

**ORDER**

Accordingly, the Court ORDERS that:

1. Defendant's motion is GRANTED;
2. The amended complaint is DISMISSED without prejudice; and
3. The Clerk of the Court is DIRECTED to close this action in light of the Court's dismissal.

IT IS SO ORDERED.

Dated: December 17, 2013

SENIOR DISTRICT JUDGE